JAMES A. FOLEY, as Receiver of the Property of REGINALD RONALDS, Appellant, *v.* REGINALD RONALDS, Defendant, Impleaded with MILDRED RONALDS, Respondent. (Appeal No. 1.)

First Department, December 19, 1919.

Debtor and creditor — practice — lis pendens — action by receiver in supplementary proceedings to set aside deed not a judgment creditor's action within meaning of sections 1674 and 3343 of Code of Civil Procedure — cancellation of lis pendens on giving undertaking.

An action, brought by a receiver of the property of a judgment debtor appointed in supplementary proceedings to set aside certain transfers made by the judgment debtor as fraudulent and void as against the

creditors of said judgment debtor, and particularly as against the said receiver, is not a judgment creditor's action within the meaning of section 1674 of the Code of Civil Procedure authorizing the cancellation of the notice of pendency of action only upon payment into court of the amount of the judgment sought to be enforced, together with interest, or upon the giving of an undertaking in a sum double the amount of the judgment.

Accordingly, where it appeared that the defendant's interest was of the value of $9,523.93, the notice of pendency of action was properly canceled, upon the giving of an undertaking in the sum of $10,500.

A judgment creditor's action within the meaning of sections 1674 and 3343 of the Code of Civil Procedure is one brought by the judgment creditor in his own right.

APPEAL by the plaintiff, James A. Foley, as receiver, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of October, 1919, canceling a notice of pendency of action.

*Franklin H. Mills* of counsel [*Frank M. Patterson,* attorney], for the appellant.

*Earl A. Darr* of counsel [*Man & Man,* attorneys], for the respondent.

DOWLING, J.:

On October 3, 1917, a final judgment was rendered in favor of the Guaranty Trust Company of New York against Reginald Ronalds in the sum of $183,914.31. Execution was issued thereupon and returned unsatisfied. On October 26, 1917, plaintiff was duly appointed receiver of the property of Reginald Ronalds upon the application of the said judgment creditor in supplementary proceedings. Ronalds, before the incurring of the indebtedness upon which the judgment was based, was the owner in fee simple of undivided interests in certain real estate, including a one-third interest in the premises known as No. 527 Broadway, in the city of New York. The total value of these interests is stated as $128,000. On July 13, 1917, and August 9, 1917, by two deeds, said Ronalds conveyed all his interest in the various properties to Mildred Combs, who became his wife October 4, 1917.

The plaintiff, as receiver, has brought action to set aside the two deeds in question as fraduluent and void as against the creditors of Reginald Ronalds and particularly as against this plaintiff, and also to set aside the transfer of a certain automobile from Reginald Ronalds to Mildred Ronalds.

The action has been tried and judgment in favor of defendants dismissing the complaint on the merits was rendered by the court after a trial, about May 1, 1919. An appeal from the judgment has been taken by plaintiff to this court, but the appeal has not yet been brought on for hearing.

On July 18, 1919, Mildred Ronalds, with the owners of the other two-thirds interest in the property, entered into a written contract to sell the premises No. 527 Broadway to a third party for the sum of $85,000, whereof the amount of $32,000 was to be paid in cash and the remaining $53,000 by taking the premises subject to a mortgage thereon in that amount. It is computed that Mildred Ronalds' one-third interest will net her $9,823.93, and the court has ordered that the notice of pendency of action heretofore filed herein against the premises shall be canceled upon her giving an undertaking in the sum of $10,500.

The adequacy of the consideration to be paid for the property is not questioned. Plaintiff contends only that the notice of pendency of action cannot be canceled save by either paying the amount of the judgment into court or by giving an undertaking in double the amount of the judgment.

The question involved turns upon whether this is a judgment creditor's action. Plaintiff claims that it is, and that it is governed by section 1674 of the Code of Civil Procedure, providing, among other things:

" In a judgment creditor's action, the court may, at any stage of the proceeding, upon notice to the plaintiff or to the judgment creditor to be affected thereby, direct that a notice of the pendency thereof be canceled, upon payment into court of the amount of the judgment or judgments sought to be enforced in such action, together with the accrued interest and such sum in addition thereto as the court may deem sufficient to cover interest likely to accrue during the pendency of the action and costs. Or, in lieu thereof, the court may, in its discretion, order that an undertaking

be given in a sum double the amount of the judgment or judgments sought to be enforced, with two sufficient sureties to be approved by the court or a judge thereof, conditioned that the defendant or defendants applying therefor will pay the judgment or judgments sought to be enforced against said property, with interest and costs in the event that a final judgment shall be entered in such judgment creditor's action in favor of the judgment creditor or creditors to the effect that such real estate was, at the time of the filing of said notices of pendency of action, equitably chargeable therewith. A copy of said undertaking, with notice of the filing of the same, shall be served upon the attorney for the judgment creditor, and notice of not less than two days of the justification of the sureties. Upon the approval of such undertaking by the court or a judge thereof, the court may direct that the notice of pendency of action be canceled of record, in the manner above provided. Where a judgment creditor's action is brought by the plaintiff, as well on his own behalf as on behalf of such other creditors as may come in and contribute to the expense of such action, notice of the application to cancel such lis pendens shall be given, as well to the plaintiff as to such other judgment creditors as shall, before the service of the notice of motion or order to show cause, have served upon the attorney appearing for the defendant in whose name the title shall stand at the time of the commencement of the action, a notice to the effect that such judgment creditor elects to come in and contribute to the expenses of such action, which notice shall also describe the judgment by giving the name of the court in which it was recovered, such recovery and the amount thereof, and shall be accompanied by an affidavit of the judgment creditor or his attorney to the effect that such judgment has been duly docketed, giving the date and place of such docket, and that an execution has been issued thereon to the sheriff of the proper county and has been returned unsatisfied, and the amount claimed to be due thereon. In such case the court shall provide for like deposit or like security, as the case may be, for the benefit of the judgment creditor giving such notice before the cancellation of such notice of pendency of action."

But who is a " judgment creditor," and what is a " judgment

First Department, December, 1919.  [Vol. 190.

creditor's action," are conclusively settled by section 3343 of the Code of Civil Procedure, as follows:

" 13. The term, ' judgment creditor,' signifies the person who is entitled to collect, or otherwise enforce, in his own right, a judgment for a sum of money, or directing the payment of a sum of money.

" 14. A ' judgment creditor's action ' is an action brought as prescribed in article first of title fourth of chapter fifteenth of this act, or any other action, brought by a judgment creditor to aid the collection of a judgment for a sum of money, or directing the payment of a sum of money."

This action is not brought by the judgment creditor. It is not a judgment creditor's action. Plaintiff claims it is akin to, or in the nature of such an action. But that is not enough to bring it within the provisions of section 1674 which apply only to a judgment creditor's action, that is, one brought by the judgment creditor in his own right. Some stress is laid on the words " upon notice to the plaintiff or to the judgment creditor to be affected thereby " as indicating that it was in the mind of the Legislature that some other person might be plaintiff except the judgment creditor. But such speculation, surmise or guesswork cannot prevail against the clear language of section 1674 and the explicit definitions contained in section 3343. The very next sentence shows that the judgment to be secured by the undertaking is one in favor of the judgment creditor or creditors. The sentence thereafter provides that a copy of the undertaking is to be served on the attorney for the judgment creditor. The second sentence following shows that the judgment creditor suing on his own behalf may sue as well on behalf of such other creditors as may come in and contribute to the expenses of the action, and that a judgment creditor so coming in shall have notice of an application to cancel the *lis pendens* when made and his judgment shall be secured if he has given notice before the attempted cancellation of his intention to come in and contribute to the expenses. The notice is to be " as well to the plaintiff as to such other judgment creditors." I am of the opinion that to make section 1674 applicable, the action must be brought directly by the judgment creditor, as the Code expressly requires.

This not being a judgment creditor's action, the application is governed by section 1671 of the Code of Civil Procedure. The adequacy of the undertaking required is not questioned.

The order appealed from will be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.